IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN VANOUS, <br> TDCJ No. 2084056, <br><br> Plaintiff, <br><br> v. <br><br> JIMMY SMITH, Senior Warden, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No. 7:21-cv-00022-M-BP |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff John Vanous ("Vanous") is an inmate in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Vanous alleges that a correctional officer threatened him and filed a false disciplinary case against him. *Id.* Vanous, who is proceeding without legal representation, filed an Application to Proceed *In Forma Pauperis* on April 12, 2021. ECF No. 2. Upon review of that filing, the Court determined that Vanous had not included a statement, certified by an authorized officer of the institution in which he is confined, showing his current trust account balance. Instead, he filed an application to proceed *in forma pauperis* with a copy of a commissary purchase receipt that shows an ending balance, with a redacted trust account statement and no detail to show his historical trust account balance or current account balance. ECF No. 2 at 3-4. Accordingly, the Court entered a Notice of Deficiency and Order on April 16, 2021, ordering Vanous to either pay the $402.00 filing fee or file a motion for leave to proceed *in forma pauperis* with a completed certified trust account statement by May 17, 2021. ECF No. 5.

On June 15, 2021, after Vanous neither paid the filing fee nor filed an amended motion for leave to proceed *in forma pauperis*, the Court issued findings, conclusions, and a recommendation that Chief United States District Judge Barbara M. G. Lynn dismiss Vanous's case under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order. ECF No. 6. However, after Vanous informed the Court that he had attempted to secure the necessary statement without success, the Court vacated those findings, conclusions, and recommendation on June 18, 2021. ECF No. 9. Additionally, the Court ordered Vanous to either (1) file a certified statement showing his current trust account balance or (2) file a detailed response to the June 18 Order describing his efforts to obtain a certified statement, including the name of individuals from whom he requested the trust account statement and what he was told in response. *Id.* Vanous was given until July 17, 2021 to comply with that Order and was warned that failure to comply "may result in a recommendation that [his] complaint be dismissed without further notice." *Id.* As of the date of this Order, Vanous has neither paid the filing fee nor filed an amended motion for leave to proceed *in forma pauperis* with a completed certified trust account statement attached.

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record

reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Vanous has not complied with the Court's June 18 Order. Absent compliance, this case cannot proceed. However, in light of the status of this case, the imposition of fines and costs is not appropriate. Although Vanous has failed to comply with that Order, it is not evident from the record that he has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** Vanous's Complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to obey the Court's order.

In addition, the undersigned finds after review of the pleadings that Plaintiff has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Accordingly, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** Plaintiff a Certificate of Appealability pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on September 7, 2021.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE